**LITTLE & TARZI, LLP**
Eric R. Little, Bar No. 169021
Email: elittle@landtllp.com
Najwa Tarzi Karzai, Bar No. 210415
Email:  ntarzi@landtllp.com
3333 Michelson Dr., Suite 735
Irvine, California 92612
Telephone: (949) 333-1699
Facsimile:  (949)333-1697

**Attorney for:**
Plaintiff Zox LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOX LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>    vs.<br><br>WEST AMERICAN INSURANCE COMPANY; OHIO SECURITY INSURANCE COMPANY; and OHIO CASUALTY INSURANCE COMPANY,<br><br>    Defendants. | Case No.: 2:22-cv-2867<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT – DUTY TO DEFEND**<br>2. **BREACH OF CONTRACT – DUTY TO SETTLE**<br>3. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**Jury Trial Demanded** |

- 1 -
**COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

Plaintiff ZOX LLC ("Zox"), a California Limited Liability Company, hereby files this Complaint for breach of contract and breach of the covenant of good faith and fair dealing against its insurers, Defendants West American Insurance Company ("West American"), Ohio Security Insurance Company ("Ohio Security"), and Ohio Casualty Insurance Company ("Ohio Casualty"); and (collectively, "Insurers") as follows:

## THE PARTIES

1. Zox is a California Limited Liability Company having its principal place of business in Austin, Texas.

2. Zox is informed and believes and thereon alleges that West American is organized under the laws of Indiana and West American's principal place of business is in Boston, Massachusetts.  At all times mentioned in this Complaint, Zox is informed and believes and thereon alleges that West American has been authorized to do business in the State of California.

3. Zox is informed and believes and thereon alleges that Ohio Security and Ohio Casualty are organized under the laws of New Hampshire and their principal place of business is in Boston, Massachusetts.  At all times mentioned in this Complaint, Zox is informed and believes and thereon alleges that Ohio Security and Ohio Casualty have been authorized to do business in the State of California.

## JURISDICTION

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Complete diversity of citizenship exists between the parties.  Zox is a California Limited Liability Company with its principal place of business in Austin, Texas. West American is organized under the laws of Indiana with its principal place of business in Boston, Massachusetts.  Ohio Security and Ohio Casualty are organized under the laws New Hampshire with its principal place of business in Boston, Massachusetts.

5. The amount in controversy is in excess of $75,000.

## VENUE

6. Venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. § 1391(b)(2) as Zox is a California Limited Liability Company that does business in this District. Venue is also proper in this District because the events that gave rise to this action took place in this District and the insurance policies at issue in this action were issued by Insurers to Zox in this District. Venue is further proper in this District, pursuant to 28 U.S.C. §1391(d) in that Insurers do business in this district and thus are subject to personal jurisdiction here.

## CHOICE OF LAW

7. California law applies under California choice of law principles. The insurance policy at issue does not include a choice of law provision. The contract was entered into, performed, and breached in California.

## THE INSURANCE POLICY

8. Insurers issued policies to Zox, bearing policy No. BKW 55-85-48-25, effective from November 15, 2013 to November 15, 2021, with limits of $1 million ("Policies").

9. West American issued the policies in effect, November 15, 2013 to November 15, 2014; November 15, 2015 to November 15, 2016; November 15, 2016 to November 15, 2017; November 15, 2017 to November 15, 2018; November 15, 2018 to November 15, 2019; and November 15, 2019 to November 15, 2020.

10. Ohio Security issued policy No. BKW 55-85-48-25, effective from November 15, 2014 to November 15, 2015.

11. Ohio Casualty issued policy No. BKW 55-85-48-25, effective from November 15, 2020 to November 15, 2021.

12. True and correct copy of pertinent portions of the policy in effect from November 15, 2014 to November 15, 2015, which provides the same pertinent coverage as all policies issued by Insurers, is attached hereto as **Exhibit "A"** and quoted below:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. ...

. . .

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business buy only if the offense was committed in the "coverage territory" during the policy period.

…

**2. Exclusions**

This insurance does not apply to:

. . .

**i. Infringement of Copyright, Patent, Trademark or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement."

However, this exclusion does not apply to infringement, in your "advertisement," of copyright or slogan.

…

**SECTION V - DEFINITIONS**

1. "Advertisement" means dissemination of information or images to the general public for the purpose of inducing the sale of your goods, products or services through:

…
   f. The internet; or
   g. "Your web site".

- 4 -
**COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

> However, "advertisement" does not include the design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products.

14. "Personal and advertising injury" means injury, …, arising out of one or more of the following offenses:

…

   b. Malicious prosecution;

…

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

…

   f. The use of another's advertising idea in your "advertisement"; or

…

### THE *ZOX BROTHERS* ACTION

13. On April 28, 2021, On May 28, 2021, the Zox Brothers filed a Third-Party Complaint ("FAC") against Jason Kuipers, Brandon Kuipers Jordan Kuipers and Zox LLC (collectively "Zox") in an underlying action styled as, *Jason Kuipers, et al. adv. John Zox et al.,* United States District Court, C.D. Cal., No. 21-01609 (*"Zox Brothers* Action").

14. On May 28, 2021, the Zox Brothers filed a First Amended Third-Party Complaint ("FAC"), which included the following causes of action:

1. Unfair Competition and False Designation of Origin
2. Cancellation for Non-Use
3. Cancellation for Fraud on U.S. Patent & Trademark Office
4. Rectification of the Trademark Register
5. CA Unfair Competition
6. Common Law Trademark Infringement
7. Deprivation of Rights of Publicity
8. Violation of Rights of Publicity
9. Declaratory Judgment of Non-Infringement
10. Declaratory Judgment of Invalid Assignment

A true and correct copy of the FAC is attached as **Exhibit "B."**

## ZOX'S NOTICE OF THE *ZOX BROTHERS* ACTION AND AMERICAN WEST'S DENIAL OF COVERAGE

15. Notice of the *Zox Brothers* Action was timely provided to Insurers.

16. By letter dated June 24, 2021, Insurers denied coverage for the *Zox Brothers* Action.

17. By letter dated September 16, 2021, Zox provide Insurers with a detailed factual and legal analysis of why Insurers' denial of coverage was wrong and requested that Insurers reconsider their denial of coverage.

18. By letter dated November 22, 2021, Insurers reiterated their denial of coverage for the *Zox Brothers* Action.

19. By letter dated January 24, 2022, Zox responded to Insurers' November 22, 2021 denial of coverage, again explaining why Insurers' denial was in error and requested that Insurers protect the interests of their insured by honoring their duty to defend Zox.

20. By letter dated February 23, 2022, Insurers again reaffirmed their denial of coverage for the *Zox Brothers* Action.

## SETTLEMENT OF THE *ZOX BROTHERS* ACTION

21. By letter dated March 17, 2022, Zox advised Insurers that it has an opportunity to settle the *Zox Brothers* Action and requested that Insurers honor their duty to settle by funding a reasonable settlement in the *Zox Brothers* Action.

22. Insurers did not respond to Zox's request that Insurers fund a reasonable settlement of the *Zox Brothers* Action.

23. Thereafter, Zox paid a reasonable sum to settle the *Zox Brothers* Action, which settlement also included non-monetary terms.

## THE *ZOX BROTHERS* ACTION ALLEGES FACTS WHICH CONSTITUTE THE POTENTIAL COVERED OFFENSE OF DISPARAGEMENT

24. Insurers' policies provide coverage for the "personal and advertising

- 6 -
**COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

injury" offense of "oral or written publication of material that … disparages a person's or organization's goods, products or services."

25. Insurers' defense duty was triggered by the factual allegations in the *Zox Brothers* Action which revealed that Zox Brothers' claims against Zox may be covered by Insurers' Policies.

26. The California Supreme Court in *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.,* 59 Cal.4th 277 (2014), stated that coverage for disparagement is triggered if the following elements are met:

- False or misleading statement;
- That specifically refers to the plaintiff's product or business by express mention or by clear implication; and
- That clearly derogates that product or business by express mention or by clear implication.

27. The "false or misleading statement" element of the *Swift* decision is satisfied by the following allegation wherein Zox Brothers specifically alleges that Zox's statements are false and/or misleading:

> 181. By virtue of the acts complained of herein, the Kuipers Brothers have intentionally… (4) **disparaged** the goods, services, or business of another by **false or misleading representations** of fact;… and (6) used deceptive representations in connection with goods or services.  [Bold provided]

28. The "specifically refers to the plaintiff's product or business by express mention or by clear implication" and the "clearly derogates that product or business by express mention or clear implication" elements are met by Zox Brothers' allegation that:

> 24. Throughout its existence, and continuing to this day, ZOX has sold a wide variety of merchandise, both at shows and online, including apparel, band paraphernalia, CDs, and print posters. On tours, ZOX also sold/sells various merchandise including shoelaces, headbands, shot glasses, bumper stickers, games,

wristbands, gift cards, etc. All of these items were and are sold and offered for sale under the mark ZOX.

…

27. John Zox markets, promotes, and sells his merchandise online at his website www.zoxband.com and www.zazzle.com, at shows/concerts, and via virtually all publicly available online streaming music platforms. All feature the ZOX Marks as shown by example of ZOX Band's website in Fig. 3.

…

40. As a result of John Zox's long-standing and continuous use of the ZOX Marks and his success in selling, advertising, and promoting goods and services bearing the mark, the ZOX Marks have become strong and well known, and consumers have come to know, rely upon, and recognize the ZOX Marks as identifying quality goods and services emanating from John Zox and ZOX band.

…

56. Andrew and Daniel Zox have made substantial sales of goods and services under its ZOX Marks, and have used their ZOX Marks in highly successful advertising and promotional campaigns over the course of 15+ years.

57. Andrew and Daniel Zox market, promote, and sell their goods and services online through their websites www.zoxfilms.com, www.vimeo.com/zoxfilms, and www.zoxproject.com, in theaters, film festivals, public screenings, and online video distribution platforms. All feature the ZOX Marks.

58. The ZOX Marks have achieved widespread fame and recognition and a devoted following for the goods and services offered by Andrew and Daniel Zox under the marks.

…

62. As a result of Andrew and Daniel Zox's substantial promotional, advertising, publicity, and public relations activities for well over 15 years, the ZOX Marks have acquired substantial goodwill and are an extremely valuable commercial asset.

…

66. The Kuipers Brothers with both constructive and, upon information and belief, actual knowledge of the ZOX band and John Zox' ZOX Marks, began making, offering for sale, selling, promoting, and/or advertising goods and services—namely

wristbands, bracelets, hoodies, backpacks, and an online store featuring the same—under the Infringing Marks.

67. The Kuipers Brothers' use the Infringing Marks in their web address zox.la, on their website, on social media accounts, including Facebook, Twitter, and Instagram, and on most of their merchandise.

…

102. Recently, the Kuipers Brothers have begun to expand their sales and distribution of infringing products sold with the ZOX mark. Specifically, the Kuipers Brothers' website, zox.la, states that they are taking applications for retail partners to be approved April 30, 2021. The website also states that new retailers will be added at "a rate of 100 per month starting in July."

103. The Kuipers Brothers also purport to be expanding their infringing ZOX products from wristbands to hoodies, shirts, and bags, among other new items.

…

105. By virtue of the acts complained of herein, the Kuipers Brothers have created a likelihood of injury to John Zox' business reputation, caused a strong likelihood of confusion, mistake, and deception as to the source of or origin or relationship of the Kuipers Brothers and John Zox' services, and have otherwise competed unfairly with John Zox by unlawfully trading on and using a trademark that infringes John Zox' ZOX Marks without permission or consent.

…

107. The Kuipers Brothers' acts complained of herein have caused damage to the Zox Brothers in an amount to be determined at trial, and such damages will continue to increase unless the Kuipers Brothers are enjoined from their wrongful acts and infringement.

108. The Kuipers Brothers' acts complained of herein have caused the John Zox to suffer irreparable injury to their business. John Zox will suffer substantial loss of goodwill and reputation unless and until the Kuipers Brothers are preliminarily and permanently enjoined from its wrongful actions complained of herein.

…

COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

181. By virtue of the acts complained of herein, the Kuipers Brothers have intentionally (1) caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services, (2) caused a likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another, (3) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have, (4) **disparaged the goods, services, or business of another by false or misleading representations of fact**; (5) falsely passed off goods or services as those of another, and (6) used deceptive representations in connection with goods or services. [Bold provided]

182. The Kuipers Brothers' acts complained of herein constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged the Zox Brothers.

*See* Exhibit "A" to this Complaint.

29. Zox Brothers' specific and clear allegation that Zox's statements are false and/or misleading and that said false/misleading statements allegedly disparaged the Zox Brothers' goods, services or business, triggered West American's broad duty to defend.

**THE *ZOX BROTHERS* ACTION ALLEGES FACTS THAT CONSTITUTE THE POTENTIALLY COVERED OFFENSE OF "MALICIOUS PROSECUTION"**

30. Insurers' Policies provide coverage for personal and advertising injury arising out of "malicious prosecution."

31. The Zox Brothers alleges facts that could constitute malicious prosecution, such as misconduct before the underlying court:

**The Kuipers Brothers' Abusive Campaign Before the TTAB and This Court to Divest the Zox Brothers of Their Prior Trademark Rights in the ZOX Marks**

…

100. As the John Zox further demanded that the Kuipers Brothers

> produce documents in response to discovery requests focusing on this invalid assignment, **the Kuipers Brothers filed this action to halt those proceedings, prolong this dispute, and avoid having to face the weakness of the Kuipers Brothers' reliance on the invalid assignment.** [Bold provided]

*See* Exhibit "A" to this Complaint.

## THE *ZOX BROTHERS* ACTION ALLEGES THE COVERED "PERSONAL AND ADVERTISING INJURY" OFFENSE OF "USE OF ANOTHER'S ADVERTISING IDEA IN YOUR 'ADVERTISEMENT'"

32. Insurers' Policies provide coverage for the "personal and advertising" offense of "use of another's advertising idea in your 'advertisement'."

33. The *Zox Brothers* Action alleges potentially covered "use of another's advertising ideas in Zox's 'advertisement'" by alleging that Zox, in its advertisements, used the advertising idea of also promoting its products for the purpose of inducing sales of said products, with use of the word "Zox" prominently displayed on its products:

> 15. The Zox Brothers also own the right, title and interest in the mark ZOX for a variety of goods and services, the applications and registration for which are indicated below (collectively, the "ZOX Marks"):
>
> …
>
> 32. Since at least as early as 1998, John Zox has been using in commerce his ZOX Marks in connection with selling apparel, band paraphernalia, CDs, print posters, shoelaces, headbands, shot glasses, stickers, games, wristbands, gift cards, etc. ...
>
> …
>
> 41. As a result of John Zox's substantial promotional, advertising, publicity, and public relations activities for well over two decades, the ZOX Marks have acquired substantial goodwill and are an extremely valuable commercial asset.
>
> 42. John Zox's ZOX Marks are inherently distinctive, serving to identify and indicate the source of John Zox and ZOX band's goods and services to the consuming public, and to distinguish

John Zox and ZOX band's goods and services from those of others.

…

66. The Kuipers Brothers with both constructive and, upon information and belief, actual knowledge of the ZOX band and John Zox' ZOX Marks, began making, offering for sale, selling, promoting, and/or advertising goods and services—namely wristbands, bracelets, hoodies, backpacks, and an online store featuring the same—under the Infringing Marks.

…

74. The Kuipers Brothers' ZOX logo, which is the subject mark of the '957 Application, is a copy of John Zox's 2007 Zox (Stylized) Mark, which is still in use to this day on all streaming platforms and merchandise. The Kuipers Brothers' mark, as identified in the '957 Application is shown below in Fig. 7, in a side-by-side comparison with John Zox's 2007 Zox (Stylized) Mark.



Fig. 7 – Left: the Kuipers Brothers' mark; right: John Zox's 2007 Zox (Stylized) Mark

75. Approximately 20 of the Kuipers Brothers' products are named after ZOX band songs.

76. Each of these instances, taken together, demonstrates a campaign by the Kuipers Brothers to impersonate ZOX band and trade on its goodwill and commercial success.

…

102. Recently, the Kuipers Brothers have begun to expand their sales and distribution of infringing products sold with the ZOX mark. Specifically, the Kuipers Brothers' website, zox.la, states that they are taking applications for retail partners to be approved April 30, 2021. The website also states that new retailers will be added at "a rate of 100 per month starting in July."

103. The Kuipers Brothers also purport to be expanding their infringing ZOX products from wristbands to hoodies, shirts, and

bags, among other new items.

104. The Kuipers Brothers' acts of infringement and unfair competition complained of herein by adopting marks confusingly similar to John Zox's ZOX mark and selling and offering for sale of products that infringe John Zox' ZOX mark have been deliberate…

…

110. Without John Zox's consent, the Kuipers Brothers have created and will create a false designation of origin by using in commerce the Infringing Marks and/or other marks confusingly similar to John Zox's ZOX Marks in connection with the sale and promotion of the Kuipers Brothers' accessories and apparel,

…

191. The Kuipers Brothers have knowingly and intentionally utilized John Zox's name on products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without John Zox's prior consent.

…

194. The Kuipers Brothers have utilized and continue to utilize the name and identity of John Zox on the Kuipers Brothers' merchandise without consent form John Zox and for the Kuipers Brothers' own commercial advantage.

195. On information and belief, the Kuipers Brothers have revised the content in their Zox.la website multiple times in 2020. The Kuipers Brothers also regularly offer new designs of their "ZOX" bracelets, and offered a "new release" of "ZOX" bracelets as recently as May 20, 2021.

34. The advertising element is met because the *Zox Brothers* Action alleges that Zox used another's, i.e. the Zox Brothers,' advertising ideas in Zox's advertisements:

67. The Kuipers Brothers' use the Infringing Marks in their web address zox.la, **on their website, on social media accounts, including Facebook, Twitter, and Instagram**, and on most of their merchandise. [Bold provided]

…

**COMPLAINT FOR BREACH OF CONTRACT AND
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

102. Recently, the Kuipers Brothers have begun to expand their sales and distribution of infringing products sold with the ZOX mark. Specifically, the Kuipers Brothers' **website, zox.la**, states that they are taking applications for retail partners to be approved April 30, 2021. The **website** also states that new retailers will be added at "a rate of 100 per month starting in July." [Bold provided]

103. The Kuipers Brothers also purport to be expanding their infringing ZOX products from wristbands to hoodies, shirts, and bags, among other new items.

…

110. Without John Zox's consent, the Kuipers Brothers have created and will create a false designation of origin by using in commerce the Infringing Marks and/or other marks confusingly similar to John Zox's ZOX Marks in connection with the sale and promotion of the Kuipers Brothers' accessories and apparel, thereby causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with ZOX band and John Zox or to suggest ZOX band and/or John Zox as the origin of the goods and/or services, or that ZOX band and/or John Zox has sponsored or approved of the Kuipers Brothers' commercial activities.

…

191. The Kuipers Brothers have knowingly and intentionally utilized John Zox's name on products, merchandise, or goods, or for purposes of **advertising** or selling, or **soliciting purchases** of, products, merchandise, goods or services, without John Zox's prior consent. [Bold provided]

PRAYER FOR RELIEF

…

B. That the Kuipers Brothers, their agents, servants, employees, attorneys, successors, and assigns, including officers and principals of the Kuipers Brothers, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

1. using to **market, advertise, promote**, distribute, sell, offer for sale, and/or identify the Kuipers Brothers' goods and/or

services the mark ZOX or any other mark that is confusingly similar to the ZOX Marks, or is likely to create the erroneous impression that the Kuipers Brothers' goods or services originate from the Zox Brothers, are endorsed by the Zox Brothers, or are connected in any way with the Zox Brothers. [Bold provided]

35. Insurers' Policies merely require a causal connection between the "personal and advertising injury" offenses of "use of another's advertising idea in [Zox's] 'advertisement,'" and Zox's business stating, "[t]his insurance applies to: (2) To "personal and advertising injury" caused by an offense arising out of your business, . . ."

36. The causation element is met because the Zox Brothers allege damages from Zox's alleged use of the Zox Brothers' advertising ideas in Zox's advertisements.

### FIRST CAUSE OF ACTION
### (Breach of Contract – Duty to Defend)

37. Zox repeats, realleges and incorporates by reference herein each and every allegation set forth above.

38. A valid insurance contract exists between Zox and Insurers.

39. Zox fully performed and complied with all of its obligations and conditions pursuant to the contract, except those obligations and conditions that were waived or excused.

40. Pursuant to the terms of the Insurers' insurance contracts, and under California law, imposing a broad duty to defend on insurers that issue policies like the policy that Insurers sold to Zox, Insurers were obligated to provide Zox with an immediate and complete defense to the claims made in the *Zox Brothers* Action.

41. Insurers owed Zox contemporaneous reimbursement of defense costs because the claims asserted against Zox were potentially covered under Insurers Policies.

42. By refusing to acknowledge their contractual defense obligation and refusing to pay for Zox's defense in the *Zox Brothers* Action, Insurers failed to perform their contractual obligations and materially breached the terms of their policies, without justification or excuse.

43. As a direct and proximate result of Insurers' material breach of their Policies, Zox has suffered damages in the form of unreimbursed attorney's fees and costs incurred defending the *Zox Brothers* Action, plus interest thereon at the maximum legal rate.

## SECOND CAUSE OF ACTION
### (Breach of Contract – Duty to Settle)

44. Zox incorporates by this reference each and every allegation set forth in the preceding paragraphs of this complaint as though fully realleged herein.

45. A valid insurance contract exists between Zox and Insurers.

46. Zox fully performed and complied with all of its obligations and conditions pursuant to the contract, except those obligations and conditions that were waived or excused.

47. Pursuant to the terms of the Insurers' insurance contracts, and under California law, Insurers had a duty to accept and fund any reasonable offer (within their policy limits) to settle the potentially covered *Zox Brothers* Action.

48. By refusing to participate in the settlement of the *Zox Brothers* Action and failing to fund the settlement, Insurers breached the duty to settle.

49. As a direct and proximate result of Insurers' breach of their duty to settle, Zox has suffered damages in the form of the unreimbursed settlement payment, which was within Insurers' policy limits and which was paid by Zox.

## THIRD CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

50. Zox repeats, realleges and incorporates by reference herein each and every allegation set forth above.

51. Insurers' Policies contains an implied covenant of good faith and fair dealing which requires that each party to a contract discharge their contractual obligations fairly and in good faith so as to not injure the right of the other party to receive the benefits of the contract. It also requires an insurer to give at least as much consideration to the interests of its insured as it does to their own.

52. An insurer's unreasonable refusal to defend its insured against a third party claim potentially covered by its policy is a breach of the implied covenant because West American's refusal was unreasonable.

53. An insurer's unreasonable refusal to settle is a breach of the implied covenant if the refusal to settle was unreasonable.

54. Insurers are liable to Zox for breaching the covenant of good faith and fair dealing, implied by law in the policies Insurers issued to Zox because Insurers unreasonably denied their duty to defend Zox in the *Zox Brothers* Action and refused to settle the *Zox Brothers* Action. Despite Zox's repeated requests for reconsideration of their denial of coverage and detailed legal and factual analysis and extrinsic evidence supporting Zox's request for a defense and settlement, along with a specific allegation for the covered disparagement offense, Insurers repeatedly and unreasonably continued to deny their defense and settlement duties in the *Zox Brothers* Action.

55. As a direct and proximate result of Insurers' actions, Zox has incurred damages in an amount to be determined at trial.

56. As a further direct and proximate result of the conduct of Insurers, Zox has been obligated to expend and incur liability for attorneys' fees and costs in this action in an amount not yet fully ascertained, but which will be submitted at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zox prays for judgment in its favor and against Defendant West American, as follows:

A. For damages resulting from Insurers' breach of their insurance contract, in the form of unreimbursed defense fees and costs incurred by Zox in defense of the *Zox Brothers* Action;

B. For damages resulting from Insurers' breach of their insurance contract, in the form of settlement amounts paid by Zox to settle the *Zox Brothers* Action

C. All damages resulting from Insurers' bad faith breach of their duty to defend and duty to settle the *Zox Brothers* Action.

D. An award of an amount to be proven at trial for all costs, including attorneys' fees, incurred and to be incurred by Zox to obtain the benefits Zox was entitled to under the Insurers' Policies (*i.e., Brandt* fees);

E. For pre-and post-judgment interest as provided by law;

F. For costs of suit herein incurred; and

G. For such other and further relief as the Court may deem just and proper.

DATED: April 29, 2022                **LITTLE & TARZI, LLP**

   /s/ Eric R. Little
Eric R. Little, Esq.
Najwa Tarzi Karzai, Esq.

Attorneys for Plaintiff Zox LLC

# DEMAND FOR JURY TRIAL

Zox hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1.

DATED: April 29, 2022     **LITTLE & TARZI, LLP**

 /s/ Eric R. Little
Eric R. Little, Esq.
Najwa Tarzi Karzai, Esq.

Attorneys for Plaintiff Zox LLC